# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **MARY NEWMAN,** : | |
| : | |
| **Plaintiff,** : | |
| : | **CASE NO:** |
| v. : | **7:25-cv-15–WLS** |
| : | |
| **UNITED STATES OF AMERICA,** : | |
| : | |
| **Defendant.** : | |
| _____ : | |

## ORDER

On February 3, 2025, Plaintiff Mary Newman filed a Complaint for Damages (Doc. 1) ("Complaint") against the United States of America under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, and the provisions of 28 U.S.C. § 1346(b). Plaintiff alleges that while operating a government vehicle an employee of the United States Postal Service negligently collided with Plaintiff's vehicle. (*Id.* at 2). The accident, according to the Complaint, occurred in Fulton County, Georgia, which is in the Northern District of Georgia. (*Id.*) However, citing 28 U.S.C. § 1402(b), the Complaint asserts venue is proper in this district—the Middle District—"because the crash occurred in this district." (*Id.* at 3).

Pursuant to § 1402(b), Plaintiff's claim against the United States under § 1346(b) may only be prosecuted in the judicial district where Plaintiff resides or the district where the act complained of occurred. Neither the Complaint nor the Civil Cover Sheet provide information on the county in which Plaintiff resides, and as noted above, pursuant to the Complaint, the vehicle accident complained of occurred in the Northern District of Georgia.

Further, the Court's review of the docket and the Affidavit of Service (Doc. 3), reflects that Plaintiff's service on the United States of America was made only by serving the Complaint and Summons on the United States of America, c/o U.S. Postal Service, 475 L'Enfant Plaza SW, Washington, DC 20260, on February 5, 2025. Federal Rule of Civil Procedure 4(i)(1) provides how service must be made on the United States, its agencies, corporations, officers, or employees. That Rule requires service on the United States Attorney

1

for the district in which the action is brought, on the Attorney General of the United States at Washington, D.C., and, if applicable, on a nonparty agency or officer of the United States. *See* Fed. R. Civ. P. 4(i)(1)(A)–(C). The specific manner of and designees for service on the United States Attorney are outlined in that Rule. *Id.*

Per the Court's review, it is not clear that venue for this case is proper in this Court for the reasons noted, and the nature of service indicates that the United States may not have been properly served. Accordingly, on or before **Tuesday, May 13, 2025**, Plaintiff shall respond to this Order notifying the Court of the basis on which venue is proper in this Court under the allegations in the Complaint. Plaintiff's response shall further notify the Court whether, and on what basis, Plaintiff believes the Complaint and Summons was properly served on the United States of America per the Federal Rules of Civil Procedure. If Plaintiff determines service has not been properly made, then Plaintiff shall have until **Thursday, May 29, 2025**, within which to properly serve the United States and to file evidence of such service. Plaintiff is hereby noticed that failure to respond to or comply with this Order may result in dismissal of the Complaint, without prejudice, without further notice or proceedings.

**SO ORDERED**, this 29th day of April 2025.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

2